IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK05-43546 |
| | ) | |
| SHADE, INC., | ) | |
| | ) | CH. 7 |
| Debtor(s). | ) | |
| | ) | Filing No. 121, 141 |

## ORDER

Hearing was held in Lincoln, Nebraska, on August 16, 2006, regarding Filing No. 121, Motion to Dismiss Case, filed by Jack L. Irwin, and Filing No. 141, Resistance, filed by Joseph H. Badami. W. Eric Wood appeared for the debtor, Joseph Badami appeared as Chapter 7 trustee and Terry Barber appeared for Jack Irwin.

Jack L. Irwin, a creditor, has filed a motion to dismiss this Chapter 7 case. He lists as part of his reasons for the dismissal several issues that arose during the pendency of the Chapter 11 case The real basis for his motion is that the debtor did not have proper corporate authority to file the bankruptcy petition in the first place. The debtor did file a copy of a resolution purportedly authorizing the bankruptcy filing. However, Mr. Irwin is a director of the corporation and he asserts, and the debtor admits, that no formal meeting of the Board of Directors was noticed with regard to the preparation and submission of the resolution. Instead, the sole shareholder of the corporation and all directors but Mr. Irwin met and approved the resolution. Apparently, the shareholder and the other directors believed that Mr. Irwin would not agree to anything with regard to the filing of the bankruptcy and, therefore, giving him notice would be a waste of time.

Nebraska law, at Neb. Rev. Stat. § 21-2090, authorizes corporations to act without the benefit of a scheduled and noticed meeting of the Board of Directors only with consent of all members of the board. Therefore, if this matter had come before the court shortly after the filing, and no matters of significance had occurred during the pendency of the case, the court probably would have dismissed the case. However, this case has been on file since early September 2005. Significant matters have occurred.

First, shortly after the petition was filed, Mr. Irwin moved to dismiss and raised the lack of corporate authority issue. Prior to the hearing on that motion, it was settled by a consent order, Filing No. 31. By that order, Mr. Irwin agreed that the debtor could take possession of the personal property then under his control and, in return, the debtor would rent from Mr. Irwin for a fixed amount per month the real property in which the personal property was located. The order, at paragraph 4, states, "The entry of this order resolves the Debtor's Motion for Turnover and the Motion to Dismiss filed by Jack Irwin has, by agreement of the parties, been withdrawn."

At Filing No. 68, filed in early March 2006, Mr. Irwin filed another motion to dismiss. That motion contains thirteen paragraphs, none of which raised the issue of lack of corporate authority for filing the petition.

At Filing No. 81, the United States Trustee filed a motion to dismiss the case for failure of the debtor to comply with local procedures, including the failure to file operating reports.

At Filing No. 69, Jack L. Irwin filed an application for administrative expense. He wanted

an allowance of his rental claims for post-petition use of his property.  At Filing No. 86, the court granted the application for administrative expense.

At Filing No. 87, the court deferred ruling on the motion to dismiss to give the debtor the opportunity to file the delinquent monthly report and provide business insurance, workers compensation insurance, all by May 15, 2006.

On May 12, 2006, at Filing No. 92, the debtor filed a motion to convert to Chapter 7.  The court granted that motion at Filing No. 94.  An order was entered thereafter mooting the motion to dismiss filed by the United States trustee and the motion to dismiss filed by Mr. Irwin.

At Filing No. 121, Jack L. Irwin filed another motion to dismiss.  This motion specifically references the failure of the debtor to have proper corporate authority to file the case in the first place.  It also lists numerous other items that were problems during the pendency of the Chapter 11 case.

The trustee has now auctioned some of the assets of the debtor, including the personal property which was located in Mr. Irwin's premises and which created the administrative expense claim that Mr. Irwin was allowed.  The trustee has received $181,000 from the purchaser, and the court by separate order has approved the sale.  Mr. Irwin, although he wants this case dismissed, participated in the auction of the personal property in an attempt to purchase it from the bankruptcy estate.

The motion to dismiss is denied.  Mr. Irwin had an opportunity early in this case to obtain dismissal of the case for lack of corporate authority.  He settled his motion and received a benefit.  That benefit was a post-petition rental agreement which was the basis for the allowance of an administrative expense.

The next time he filed a motion to dismiss, he did not mention the lack of corporate authority.

Even though he had pending a final motion to dismiss, the one before the court at this time, he participated in the opportunity to purchase assets of the estate, first for $52,000, which he offered to override the offer of the sole shareholder, and then apparently up to $180,000 before dropping out of the bidding process.

Mr. Irwin has participated in this case from the very beginning and has received benefits and the opportunity for more benefits by such participation.  By such participation, and specifically by withdrawing the first motion in consideration of financial benefit, he is deemed to have acquiesced in the decision by the corporation to file the case and has ratified the corporate decision to file the case.

> Failure to give a corporate director notice of a meeting of directors as required by statute or corporate bylaws may render any action taken by the meeting at which such director was not present invalid. Thus, actions taken at a corporate board of directors' meeting without meeting the "upon notice" requirement as to a director have been held invalid and of no effect, unless later ratified by the absent director and thus waived.

Jensen v. Insur, Inc., 2004 WL 2216486 at *6 (Neb. Ct. App. Oct. 5, 2004) (quoting 2 William

Meade Fletcher et al., <u>Fletcher Cyclopedia of the Law of Private Corporations</u> § 413 at 271 (perm.ed., rev.vol.1998)).

No other party has raised the issue and no other party has objected to the sale of part of the personal property of the estate, and no other party has suggested it would be of benefit to the estate to dismiss the case.

In conclusion, the motion to dismiss is denied. The trustee shall continue to administer other assets, including patents and contracts.

SO ORDERED.

DATED this 24th day of August 2006.

BY THE COURT:

/s/ Timothy J. Mahoney
Chief Judge

Notice given by the Court to:
W. Eric Wood
Joseph H. Badami
*Terry Barber

Movant(*) is responsible for giving notice of this order to all other parties not listed above if required by rule or statute.