IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: ) | |
| ) | CASE NO. Bk05-43546 |
| SHADE, INC., ) | |
| ) | CH. 7 |
| Debtor(s). ) | |

## ORDER

Hearing was held in Lincoln, Nebraska on February 14, 2007, regarding Filing No. 205, Application for Administrative Expenses, filed by Jack L. Irwin, and Filing No. 208, Objection, filed by Trustee Joseph H. Badami. James Overcash appeared for the Chapter 7 trustee, Joseph Badami appeared as Chapter 7 trustee, W. Eric Wood appeared for the debtor, and Terry Barber appeared for Jack Irwin.

Jack L. Irwin, a creditor, and landlord of the debtor, has filed an application for allowance of administrative expenses. Mr. Irwin rented two improved parcels of non-residential real estate to the debtor. He has previously been allowed an administrative expense for September 2005 through January 2006 for the property located on 57th Street in Lincoln, Nebraska. He now requests allowance for the remainder of the twelve-month period, September 2005 through September 2006, a time period in which the debtor and the trustee retained possession without payment of rent. The requested amount of $12,187.50, which includes the amount previously allowed, is now allowed as the final administrative expense rental charge for the 57th Street property. In addition, he is allowed $544.87 for utilities which he paid during that time period.

The second real property location is on Russell Circle in Lincoln, Nebraska. He and the debtor had a rental agreement for $3,500 per month from September 2005 through March 31, 2006. He has received rent through January 2006. He now requests an allowance of $3,500 per month for February and March of 2006, and a higher amount for the remaining months through November of 2006. The evidence he has presented in support of the higher amount is not convincing. He is allowed $3,500 a month for the ten-month period beginning February 1, 2006, and ending November 30, 2006, for a total of $35,000.

Mr. Irwin has presented evidence that the debtor turned off the heat during the winter which allowed pipes to freeze and burst and caused damage to the Russell Circle property. He has presented receipts for payment of the repairs in the amount of $7,476.35. That amount is allowed.

The trustee was appointed in May 2006. He sold personal property located in the Russell Circle building and the purchaser removed the property. Mr. Irwin claims that the purchaser also removed some of his property, including fixtures. He requests an allowance of an administrative expense for the value of his property which was taken by the purchaser. In addition, he claims that the purchaser damaged the building when the personal property of the debtor, his personal property and his fixtures, were removed. He requests an allowance of administrative expense for the damages.

The bankruptcy estate is not responsible for the actions of the purchaser. Mr. Irwin may have a claim against the purchaser for damages and, perhaps, for conversion of his property. However, his claim against the purchaser is not the type of the claim that may be allowed as an

administrative expense. His request is denied.

If the trustee, as a representative of the bankruptcy estate, has funds available which are not subject to the security interest of West Gate Bank, the administrative expense claims allowed by this order should be paid pursuant to the priorities identified in the Bankruptcy Code.

IT IS ORDERED: Mr. Irwin's application for administrative expenses (Fil. #205) is granted to the following extent:

1. $12,187.50 for rent for the 57th Street property
2. $544.87 for utilities for the 57th Street property
3. $35,000 for rent for the Russell Circle property
4. $7,476.35 for repair of frozen water pipes in Russell Circle property

The application is denied in all other respects.

DATED:     May 17, 2007

BY THE COURT:

/s/ Timothy J. Mahoney
Chief Judge

Notice given by the Court to:
  James Overcash
  Joseph Badami
  W. Eric Wood
  *Terry Barber
  U.S. Trustee

Movant (*) is responsible for giving notice of this order to other parties if required by rule or statute.